UNITED STATES DISTRICT COURT
FOR THE
DISTRICT OF VERMONT


Robert Stanton o/b/o              :
Beverly Stanton                   :
          Plaintiff,              :
                                  :
          v.                      :      Civil No. 1:07-CV-215
                                  :
Michael J. Astrue,                :
Commissioner, Social              :
Security Administration,          :
          Defendant.              :

<u>MAGISTRATE JUDGE'S REPORT AND RECOMMENDATON</u>
(Document 6)

Robert Stanton appearing pro se on behalf of his

deceased wife Beverly Stanton appeals the decision of the

Commissioner denying social security disability benefits

to his wife.  He contends that his wife was disabled from

employment because no employer would hire her due to the

narcotic medications she was taking.  The Commissioner

has moved to dismiss the appeal because there is no claim

that Mrs. Stanton was not able to work due to physical or

mental impairments.

<u>DISCUSSION</u>

Plaintiff claims that the ALJ erred by finding

that she could perform other jobs in the national economy

despite her impairments.  Specifically, the plaintiff

claims that she suffered from severe pain as a result of

injuries from an auto accident and a hip replacement.

However, her objection to the decision of the

Commissioner is narrowly based.  She contends that due to

the narcotic medications she takes for her pain, she is

unemployable because she cannot pass a drug test required

by any potential employer.  The Commissioner responds

that Social Security regulations require that disability

be based on the physical or mental ability to perform

jobs, not on the inability of a claimant to be hired.

It is undisputed that the plaintiff suffers pain

from her physical impairments which also cause depression

and anxiety.  To alleviate this pain and other symptoms

she takes daily a number of medications including the

narcotic Percocet.  She argues that although she has the

physical and mental ability to work, she is unemployable

because she cannot pass a drug-screening test.

To receive benefits, an applicant must be

"disabled" within the meaning of the Social Security Act.

See 42 U.S.C. § 423(a).  The Act defines a disability as

an "inability to engage in any substantial gainful

2

activity by reason of any medically determinable physical

or mental impairment . . . which has lasted or can be

expected to last for a continuous period of not less than

12 months."  42 U.S.C. § 423(d)(1)(A).  The impairment

must be "of such severity that [the claimant] is not only

unable to do his previous work but cannot, considering

his age, education, and work experience, engage in any

other kind of substantial gainful work which exists in

the national economy."  Id. at § 423(d)(2)(A).

The inability of a claimant to be hired for a job

is not a factor in the disability determination.

"Considerations derived from local hiring practices,

employer preferences for physically superior workers, and

the claimant's actual chances of being hired are

irrelevant in determining disability, and must be

disregarded."  Lopez v. Secretary, 512 F.2d 1155, 1157-58

(1st Cir. 1975).  Provided the claimant is capable of

substantial gainful activity, she must be found to be not

disabled if she can perform jobs in the national economy

regardless of her ability to obtain work.  See 20 C.F.R.

§ 404.1566 (c).  Therefore, the plaintiff's objection to

the decision of the Commissioner based on her inability

to be hired because of her use of narcotic painkillers cannot be sustained.

The Court does view the complaint liberally since the plaintiff is appearing without the assistance of counsel.  In this situation the complaint may reasonably be construed as a claim that the side effects of medication on the plaintiff rendered her unable to perform substantial gainful activity.  Nevertheless, even in this context the claim lacks merit.

The ALJ has an obligation to consider the effect of medications on the claimant's ability to work.  In evaluating pain symptoms the ALJ must consider the "type, dosage, effectiveness, and side effects of any medication you take or have taken to alleviate your pain or other symptoms."  20 C.F.R. § 404.1529(c)(3)(iv).  The ALJ's failure to consider the side effects of medication can result in a remand to make this determination.  Burger v. Astrue, No. SACV 06-0965-RC, 2008 WL 576335 at *5 (C.D. Cal. Feb. 12, 2008).  However, in this case the record does not contain information to indicate that the side effects of the plaintiff's medication prevented her from working.

4

She testified at the administrative hearing that her main complaint was pain in her spine and neck approximately three times a week.  R. 336.  On a scale of 0-25 with 25 being most severe, her pain was a seven or eight.  Id.  Despite the effect of her medications, she was able to shop, pay bills, and work around the house. R. 339.  Finally, there is no medical evidence in the record that indicates she was unable to work due to the side effects of her medications.  Accordingly, the ALJ did not err in failing assess the impact of her medications on her ability to work.

I recommend that the Commissioner's motion to dismiss the complaint be GRANTED.[1]

Dated at Burlington, in the District of Vermont, this 14th day of April, 2008.

/s/ Jerome J. Niedermeier
Jerome J. Niedermeier
United States Magistrate Judge

---

[1] Plaintiff seeks to have a "Mr. R. Beckmann" speak on his behalf. However the Local Rules of this Court do not allow a person who is not a member of the Bar of this Court to appear for another.  L.R. 83.3(a).

Any party may object to this Report and Recommendation within 10 days after service by filing with the clerk of the court and serving on the magistrate judge and all parties, written objections which shall specifically identify the portions of the proposed findings, recommendations or report to which objection is made and the basis for such objections. Failure to file objections within the specified time waives the right to appellate review of the district court's order.  <u>See</u> Local Rules 72.1, 72.3, 73.1; 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b), 6(a) and 6(e).